IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

SARA M. LAMBERT SMITH
and SCOTT SMITH,

        Plaintiffs,

v.              CIVIL ACTION NO. 5:14-cv-30075

UNITED STATES OF AMERICA,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Motion of Defendant United States of America to Dismiss Plaintiff Scott Smith's Claim for Loss of Consortium* (Document 64), the *Memorandum in Support* (Document 65), *Plaintiff Scott Smith's Response to Motion of Defendant United States of America to Dismiss Plaintiff Scott Smith's Claim for Loss of Consortium* (Document 73), and the United States' *Reply Memorandum* (Document 75). The Court has also reviewed the *Plaintiff's Motion to File a Supplemental Complaint* (Document 70), *Defendant United States of America's Memorandum in Opposition to Plaintiff's Motion to File a Supplemental Complaint* (Document 76), and *Scott Smith's Response Memorandum in Support of His Motion to File a Supplemental Complaint* (Document 77). In addition, the Court has reviewed all attached exhibits. For the reasons stated herein, the Court finds that the motion to dismiss should be denied, and the motion to file a supplemental complaint should be denied as moot.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Plaintiffs, Sarah M. Lambert Smith and her husband, Scott Smith, allege that Ms. Smith was a patient at Access Health Associates. Ms. Smith, who was twenty-four years old at the time, underwent a cesarean section on December 18, 2013. On December 25, 2013, she went to the Emergency Room at Raleigh General Hospital with heavy vaginal bleeding and syncope (or fainting). An ultrasound indicated possible retained products of conception. Dr. Roy Wolfe, an employee of Access Health, performed a dilation and curettage, which did not stop the bleeding. Ms. Smith alleges that Dr. Wolfe then performed a hysterectomy without attempting any alternative procedures that would have preserved her ability to have additional children. Mr. Smith alleges that he has been deprived of the consortium, society, and comfort of his wife as a result, in part due to their inability to have additional children.

Access Health Associates is a public health care provider subject to the oversight of the United States Department of Health and Human Services (DHHS). Torts committed by its employees within the scope of their employment are therefore governed by the Federal Tort Claims Act (FTCA). The Plaintiffs filed an administrative claim and a notice of claim with DHHS, dated June 12, 2014, on the letterhead for the law office of their counsel, Robert Berthold. (6/12/2014 Claim, att'd to Pl.s' Compl. at Ex. 1) (Document 1-1.) The heading of the notice of claim letter notes that it is in reference to "Sara M. Lambert Smith and Scott Smith, her husband." (*Id.*) The text of the letter states:

> Enclosed herewith is a copy of the Claim for Damage, Injury or Death that I submit for filing on behalf of my clients, Sara M. Lambert Smith and Scott, Smith, her husband. I, along with Arden J. Curry, II, am counsel for the claimants. If you or the Department of Health and Human Services need any additional information, please contact me at the above address and phone number.

> I trust that by filing this claim with you, the Department of Health and Human Services of the United States of America is formally on notice of our claim. I am also enclosing our Notice of Claim and Certificate o[f] Merit, as required under West Virginia law.

The claim form names as claimants "Sara Lambert Smith & Scott Smith, her husband." (*Id.*)

The basis of claim section provides:

> Sara Lambert was admitted to Raleigh General Hospital in Beckley, West Virginia on December 25, 2013 with regard to significant bleeding and complications that she developed after the delivery of her child at the same hospital on December 18, 2013. The gynecologist who handled the surgical hysterectomy on December 25, 2013 was Dr. Roy Wolfe, who was assisted by Dr. Normal Siegel, who were employees of Access Health OB/GYN in Beckley, West Virginia. The claimant contends that Dr. Wolfe and agents and employees of Access Health OB/GYN care of Sara Lambert Smith was below the applicable standard of medical care. As a result of the deviation from the normal standard of medical care, Sara suffered a surgical hysterectomy without attempts at alternative procedures. This hysterectomy permanently prevents Sara Lambert Smith from delivering other children, and also includes damage to internal organs, weakening of the pelvic floor and a loss of feeling from some of the pelvic nerves, possible urinary incontinence and bowel problems, and loss of sensation.

The Plaintiffs sought a total sum of $2,000,000. (*Id.*)

The DHHS denied the claim in a letter dated October 21, 2014. The heading notes that the denial is in reference to the "Administrative Tort Claim of Sara Lambert Smith and Scott Smith." (Denial Letter, att'd to Pl.'s Compl. at Ex. 2) (Document 1-2.) The text of the letter again recognizes the claimants as Sara Lambert Smith and Scott Smith, and summarizes the claim as alleging that the named doctors "performed a hysterectomy without attempting alternative procedures, which caused Sara Lambert Smith to suffer the inability to bear children and personal injury." (*Id.*) The denial was based on a finding that the evidence did not support allegations

3

"that the alleged injuries were caused by the negligent, or wrongful, act or omission of a federal employee acting within the scope of employment." (*Id.*)

The Plaintiffs initiated this action on December 16, 2014. In its *Answer* (Document 4), the United States asserted failure to exhaust administrative remedies as a defense. In discovery, the United States further explained its position that Mr. Smith had not properly exhausted his administrative remedies for his loss of consortium claim. On June 5, 2015, Scott Smith filed a separate notice of claim for himself only. The basis of claim section contains the same language as the previous notice of claim, with one additional sentence at the end of the paragraph: "As a result, her husband Scott Smith has suffered from the loss of consortium of his wife and mental anguish as they can no longer have children." (June 5, 2015 Claim, att'd to Pl.s' Mot. to File Supp. Compl. as Ex. 2) (Document 70-2.) The Plaintiffs state that no action has been taken on the June 5, 2015 claim. The United States filed its motion to dismiss Mr. Smith's loss of consortium claim for lack of subject matter jurisdiction on May 31, 2016.[1] The Plaintiffs filed their response and their motion to file a supplemental complaint on June 6, 2016. The United States filed its reply and its opposition to the motion to file a supplemental complaint on June 13, 2016, and the Plaintiffs filed a reply in support of their motion to file a supplemental complaint on June 15, 2016. Briefing is complete, and the matter is ripe for resolution.

---

1 Though a court must always consider challenges to its jurisdiction, the Court notes that all facts related to the present motion were available to all parties at the time the complaint was filed. The Court's *Order and Notice* (Document 5) set a deadline of March 17, 2015, for motions brought pursuant to Rule 12(b). Dispositive motions except those brought under Rule 12(b) were due by April 8, 2016. Trial in this matter is scheduled to begin on July 18, 2016. There may be circumstances when a party learns of facts that call a court's jurisdiction into question in the weeks immediately preceding trial, necessitating a belated motion to dismiss. In this case, however, the United States raised the potential defense in its answer to the complaint and further elaborated on its position during discovery. Bringing the motion less than two months before the trial date displays a disregard for the time and resources of both the Court and the Plaintiffs.

**STANDARD OF REVIEW**

A motion to dismiss pursuant to Rule 12(b)(1) raises the fundamental question of whether a court is competent to hear and adjudicate the claims brought before it. "In contrast to its treatment of disputed issues of fact when considering a Rule 12(b)(6) motion, a court asked to dismiss for lack of jurisdiction may resolve factual disputes to determine the proper disposition of the motion." *Thigpen v. United States*, 800 F.2d 393, 396 (4th Cir. 1986) *rejected on other grounds, Sheridan v. United States,* 487 U.S. 392 (1988) (but explaining that a court should accept the allegations in the complaint as true when presented with a facial attack that argues insufficiency of the allegations in the complaint). Reasonable discovery may be necessary to permit the plaintiff to produce the facts and evidence necessary to support their jurisdictional allegations. *Id.* The plaintiff has the burden of proving that subject matter jurisdiction exists. *See Richmond, Fredericksburg & Potomac R. Co. v. United States,* 945 F.2d 765, 768 (4th Cir.1991). Dismissal for lack of subject matter jurisdiction is proper only if there is no dispute regarding the material jurisdictional facts and the moving party is entitled to prevail as a matter of law. *Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999).

**DISCUSSION**

*A. Motion to Dismiss*

The United States contends that this Court lacks jurisdiction over Mr. Smith's loss of consortium claim because it was not expressly stated in the notice of claim dated June 12, 2014. Because administrative claims must be presented prior to filing a civil action in federal court, the United States argues that the later notice of claim more expressly setting forth Mr. Smith's claim is of no effect. The Plaintiffs argue that Mr. Smith adequately presented his loss of consortium

5

claim, as he was clearly identified as a claimant in the claim documents and the case law does not require identification of specific claims. The Plaintiffs further note that the DHHS's denial of the claim recognized both Mr. and Ms. Smith as claimants, demonstrating that the claim documents put the agency on notice as to Mr. Smith's claims.

The FTCA requires that tort claims against the United States first be presented to the appropriate federal agency before suit may be initiated in federal court. 28 U.S.C. § 2675. "[T]he requirement of filing an administrative claim is jurisdictional and may not be waived." *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986). A properly presented claim must include both "a completed SF 95 (or other written notification of an incident), and a claim for money damages in a sum certain." *Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 278 (4th Cir. 2000) (internal emphases and quotation marks removed). "The notice requirement does not require a claimant to enumerate each theory of liability in the claim," instead requiring claimants to provide the facts necessary to allow the agency to conduct an investigation into the incident. *Brown v. United States*, 838 F.2d 1157, 1160 (11th Cir. 1988); *see also Ahmed v. United States*, 30 F.3d 514, 517 (4th Cir. 1994); *Drennen v. United States*, No. 5:06-CV-00390, 2007 WL 983984, at *2 (S.D.W. Va. Mar. 27, 2007) (Johnston, J.) (holding that the notice must be "sufficient to enable the agency to investigate").

Loss of consortium is an independent cause of action under West Virginia law. *DuPont v. United States*, 980 F. Supp. 192, 196 (S.D.W. Va. 1997) (Goodwin, J.). Several courts, including this district, have dismissed loss of consortium claims where only the injured spouse presented an administrative claim, often noting that the spouse claiming loss of consortium neither filed an independent claim nor joined the injured spouse's claim. *Id.*; *Bunner v. United States*,

6

No. 6:13-CV-20655, 2016 WL 1261151, at *14 (S.D.W. Va. Mar. 30, 2016) (Johnston, J.); *Johnson v. United States*, 704 F.2d 1431, 1434 (9th Cir. 1983).

In the instant case, however, Mr. Smith *did* join Ms. Smith's administrative claim. Although the words "loss of consortium" do not appear on the claim form or in the accompanying letter, Mr. Smith is clearly identified as a claimant in his capacity as Ms. Smith's husband. The DHHS's denial letter recognized both Mr. and Ms. Smith as claimants. Claimants need not specifically identify the legal basis of their claims, although the legal basis of Mr. Smith's claim for Ms. Smith's injuries, in his capacity as her husband, is quite clear. The Court finds that the June 12, 2014 administrative claim and notice adequately put the United States on notice of Mr. Smith's claim for loss of consortium. The basis of claim described Ms. Smith's injuries, including permanent inability to deliver children, "damage to internal organs, weakening of the pelvic floor and a loss of feeling from some of the pelvic nerves, possible urinary incontinence and bowel problems, and loss of sensation."[2] (6/12/2014 Claim.) Those facts, combined with Mr. Smith's inclusion as a claimant,[3] provided sufficient information to permit the United States to investigate the incident and evaluate settlement options. Thus, the Court finds that the United States' motion to dismiss should be denied.

---

[2] Under these facts, the nature of Mr. Smith's consortium injury is particularly obvious. For example, his wife's inability to bear children naturally means that he will not be able to have additional biological children within his marriage. In other circumstances, a description of the consortium injury might be necessary to provide sufficient notice to the agency.

[3] The United States cited several cases in which the spouse claiming loss of consortium was listed as a spouse, but was not identified as a claimant and did not sign the claim form. The Court finds that those cases are distinguishable. Mr. Smith was clearly identified as a claimant and the DHHS recognized him as a claimant. Mr. Berthold signed the form after identifying himself as counsel for both claimants, setting the instant case apart from those in which only the injured spouse signed the claim form. Thus, the question before the Court is whether the agency had sufficient information to investigate his claim, rather than whether he presented a claim.

### B. Motion to File Supplemental Complaint

The Plaintiffs seek to file a supplemental complaint that includes Mr. Smith's June 5, 2015 administrative claim. The United States argues that plaintiffs lack jurisdiction if they do not seek administrative relief prior to filing suit, and cannot cure a jurisdiction defect by completing the administrative claims process while the suit is pending. Given the Court's finding that Mr. Smith's loss of consortium claim was adequately presented in the joint claim form submitted June 12, 2014, the Plaintiffs' motion to file a supplemental complaint is moot.

## CONCLUSION

WHEREFORE, following thorough review and careful consideration, the Court **ORDERS** that the *Motion of Defendant United States of America to Dismiss Plaintiff Scott Smith's Claim for Loss of Consortium* (Document 64) be **DENIED**, and that the *Plaintiff's Motion to File a Supplemental Complaint* (Document 70) be **DENIED AS MOOT.**

The Court **DIRECTS** the Clerk to send a certified copy of this Order to counsel of record and to any unrepresented party.

ENTER: July 5, 2016

*/s/ Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA