IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

SARA M. LAMBERT SMITH
and SCOTT SMITH,

                        Plaintiffs,

v.                                    CIVIL ACTION NO.   5:14-cv-30075

UNITED STATES OF AMERICA,

                        Defendant.

**ORDER**

The Court has reviewed the Plaintiffs' *Bill of Costs* (Document 110), the *Defendant United States of America's Objections to Plaintiffs' Bill of Costs* (Document 111), the *Plaintiffs' Reply to Defendant United States of America's Objections to Plaintiffs' Bill of Costs* (Document 112), and the Plaintiffs' supplemental *Bill of Costs* (Document 117).

The Plaintiffs' initial filing calculates reimbursable costs of $7353.41, including the filing fee, transcripts, and printing costs.  The United States objects to any award of costs, given its position that the Court's verdict is in error, and objects specifically to the Plaintiffs' request for costs for both stenographic and video transcripts of depositions, and to any videoconferencing costs for depositions.   The Plaintiffs agreed to withdraw the request for videoconferencing costs, totaling $262.50, but argue that they are entitled to the remaining costs, as courts have permitted recovery of "costs for both videotaping and stenographic transcription of depositions when necessarily obtained for use in the case."  (Pl.s' Reply at 2.)   The Plaintiffs later supplemented

their bill of costs to add the fee for obtaining the trial transcript, following the United States' motion for a new trial and/or to vacate, alter, or amend the Court's ruling. In total, the Plaintiffs currently seek $7549.91 in fees and costs.

28 U.S.C. § 2412(a)(1) permits courts to award the costs enumerated in § 1920 to the prevailing party in civil litigation against the United States. Section 1920(2) enumerates the fees and costs that may be awarded, including "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." In 1999, the Fourth Circuit held that § 1920(2) permits recovery of the costs of both stenographic and video transcripts only if "both costs were 'necessarily obtained for use in the case.'" *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 449 (4th Cir. 1999) (explaining that "[t]he concept of necessity for use in the case connotes something more than convenience or duplication to ensure alternative methods for presenting materials at trial).

The Plaintiffs seek costs for both video and stenographic transcripts for Dr. Roy Wolfe, who treated Ms. Smith and whose alleged negligence was at issue. In addition, the Plaintiffs obtained both video and stenographic transcripts for Dr. Larry Griffin and Dr. Mathew Thompson, both expert witnesses for the United States. Finally, the Plaintiffs obtained both written and video transcripts for Dr. David Seidler and Dr. David Talan, both of whose testimony was offered via video deposition. Both written and video transcripts were clearly necessary for Dr. Seidler and Dr. Talan, in order to both present their testimony by video and maintain written transcripts for effective motions practice. The Court finds that both video and written transcripts were necessary as to the Defense witnesses as well, all medical doctors. This case involved complex, detailed testimony into specialized medical matters. Preparation for cross-examination and presentation

of rebuttal testimony reasonably required review of video depositions, and written transcripts are needed for motions practice, including arguing objections before the Court during trial.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Plaintiffs' *Bill of Costs* (Document 110) and supplemental *Bill of Costs* (Document 117) be **GRANTED** in the amount of **$7549.91.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:   March 28, 2017

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA